Filed 6/13/13  P. v. Jackson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL JACKSON,<br><br>    Defendant and Appellant. | D062614<br><br><br>(Super. Ct. No. SCD240198) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

John L. Dodd & Associates and John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In April 2012 defendant Daniel Jackson entered a guilty plea to petty theft with a prior in exchange for a stipulated sentence of two years to be served locally.  A prior grant of probation was revoked.  In May 2012 Jackson filed a motion to withdraw his

guilty plea. In June 2012 the court noted that it had read the motion, but stated it "takes no action at this time."

In July 2012 Jackson filed a motion seeking to modify his sentence due to his "terminal illness and need for adequate medical care." He requested probation with home arrest and GPS monitoring. He had been diagnosed with HIV and hepatitis C. In August 2012 the court found that there had been a stipulated sentence pursuant to a plea bargain so it did not have "discretion to recall or modify the sentence" and took "no action at this time."

Jackson filed a timely notice of appeal and asks us to examine the record and determine if there are any issues deserving of further briefing. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We have done so, find none, and hence affirm the judgment.

## FACTUAL BACKGROUND

On June 1, 2011, officers observed Jackson at an intersection, appearing "nervous and hyperactive" and saw that "his face was shiny and wet." He was searched and the officers found four grams of marijuana and 0.2 grams of methamphetamine. He also appeared to be under the influence of a controlled substance.

On April 5, 2012, Jackson took an item from a Walmart without paying.

## DISCUSSION

On appeal, Jackson's appointed appellate counsel filed an opening brief pursuant to *Wende* requesting that we conduct an independent review of the record to determine whether there are any arguable appellate issues. (*Wende*, *supra*, 25 Cal.3d 436.) Under *Anders v. California* (1967) 386 U.S. 738, he listed as a possible but not arguable issue

2

whether the court erred in denying his motion to modify his sentence. We granted Jackson permission to file a brief on his own behalf. He has not responded.

We have examined the record pursuant to *Wende* and considered the possible issue referred to by appointed counsel. We find no reasonably arguable appellate issue. Competent counsel has represented Jackson on this appeal.


NARES, Acting P. J.

WE CONCUR:


McINTYRE, J.


O'ROURKE, J.